UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERRY BURKS, <br><br> Defendant. | Civil Action No.: 1:14-cv-01346-GTS-CFH <br><br> Hon. Glenn T. Suddaby, Assigned District Court Judge <br><br> **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY** |

Upon the Complaint of Plaintiff Applied Materials, Inc. ("Applied" or the "Company"), filed on November 5, 2014, the Declarations of Fred Butt, Sebastian Bechtolsheim, Mitch Crampton, and James H. McQuade, and the accompanying Memorandum of Law in Support of Plaintiff's Application for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery and upon good cause shown, it is hereby:

**ORDERED** that Defendant Terry Burks ("Burks") and/or his attorney show cause before the Honorable _____ in Room __ of the James T. Foley U.S. Courthouse, 445 Broadway, 1st Floor South, Albany, New York 12207 on the ___day of _____, 2014, at _____, or as soon thereafter as counsel can be heard, why an Order should not be issued pursuant to Federal Rule of Civil Procedure 65, enjoining Burks during the pendency of this action as follows:

1.  Ordering Burks to provide to Applied the originals and all copies of all documents containing Applied confidential and proprietary information and/or trade secrets that: (a) he obtained from Applied during his employment with Applied, including, but not limited to, Applied's TechGuides and (b) are in his possession, custody, or control, or in the possession,

custody or control of his lawyers, agents, family members, friends, employer, employees or any other person or entities acting in concert with him or on his behalf;

2. Enjoining Burks from, directly or indirectly, utilizing, divulging, and/or relying on Applied's confidential and proprietary information and/or trade secrets, including, but not limited to, Applied's TechGuides;

3. Enjoining Burks from, directly or indirectly, soliciting, inducing, recruiting, or encouraging any Applied's employees to terminate their employment relationship with Applied or to accept employment with Burks or with any other person or entity; and

4. Enjoining Burks, for a period of five months from the date of this Order, from, directly or indirectly, performing services on equipment manufactured by Applied.

**IT IS FURTHER ORDERED** that sufficient reason having been shown therefore, pending the hearing of Applied's Application for a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65, Burks is temporarily enjoined and restrained, until further notice of this Court as follows:

5. Burks shall provide, within two business days of the date of this Order, to Applied the originals and all copies of all electronic and hard copy documents that: (a) are marked as being confidential to Applied, or that Burks accessed directly from systems or networks that are proprietary to Applied, including, but not limited to, Applied's TechGuides and (b) are in his possession, custody, or control, or in the possession, custody or control of his lawyers, agents, family members, friends, employer, employees, or any other person or entities acting in concert with him or on his behalf;

6. Burks is enjoined and restrained, pending a hearing on Applied's Motion for a Preliminary Injunction, from using or disclosing Applied's confidential and proprietary

information and/or trade secrets, including, but not limited to, confidential and proprietary information contained in Applied's TechGuides;

7. Burks is enjoined and restrained, pending a hearing on Applied's Motion for a Preliminary Injunction, from soliciting, inducing, recruiting, or encouraging any Applied's employees to terminate their employment relationship with Applied or to accept employment with Burks or with any other person or entity; and

8. Burks is directed to provide to counsel for Applied within five (5) business days of the date of this Order for forensic examination, Burks' personal computer(s) and any computers or other electronic devices that ever contained electronic documents marked as being confidential to Applied, or that Burks had attached to systems or networks that are proprietary to Applied, including, but not limited to, the SanDisk Cruzer Fit USB device (USB Serial Number 4C532000031210113354), the Generic External USB Device (USB Serial Number 57442D575831314133315730), the Imation Nano Pro USB Device (USB Serial Number 070335FE33F92D89), and the PNY USB 2.0 FD USB Device (USB Serial Number AAC1196400008024) in his possession, custody or control, or in the possession, custody or control of his lawyers, agents, family members, friends, employer, employees, or any other person or entities acting in concert with him or on his behalf;

**IT IS FURTHER ORDERED** that the parties may begin expedited discovery forthwith and notwithstanding any other time frames stated in the Federal Rules of Civil Procedure:

9. Burks is directed to respond to Applied's First Request for the Production of Documents and Tangible Things attached to the Declaration of James H. McQuade, as Exhibit B, within five (5) business days of this Order;

10. Upon and after entry of this Order, Burks' deposition may be taken on five (5) business days' notice.

**IT IS FURTHER ORDERED** that Applied shall serve by personal delivery, overnight mail or email a copy of this Order to Show Cause, together with all supporting papers, upon Burks or Burks' counsel on or before November __, 2014.

**IT IS FURTHER ORDERED** that answering papers, if any, shall be served by personal delivery, overnight mail or email upon counsel for Applied on or before November__, 2014.

**IT IS FURTHER ORDERED** that reply papers, if any, shall be served by personal delivery, overnight mail or email upon Burks or Burks' counsel on or before November __, 2014.

**IT IS FURTHER ORDERED** that Applied post a bond in the amount of $_____ no later than November __, 2014 at 5:00 p.m.

SO ORDERED, this ___ day of November, 2014

_____
UNITED STATES DISTRICT JUDGE