UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TERRY BURKS,<br><br>        Defendant. | Civil Action No. 1:14-cv-01346-GTS-CFH<br>Hon. Glenn T. Suddaby, District Court Judge<br><br>**DECLARATION OF JAMES H. MCQUADE IN SUPPORT OF PLAINTIFF APPLIED MATERIALS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY** |

I, James H. McQuade, declare:

1. I am an attorney duly licensed to practice in the State of New York and am a partner of the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys for Applied Materials, Inc. ("Applied"). I am fully familiar with the facts and circumstances regarding this action.

2. I submit this declaration pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, in support of Applied's Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery.

3. Plaintiff is proceeding by way of Order to Show Cause rather than by notice of motion in an effort to obtain necessary and preliminary relief to prevent the continuing irreparable harm being caused and threatened by the unlawful conduct of Defendant Terry Burks ("Burks"), as more specifically set forth in the Memorandum of Law in Support of Plaintiff's Application for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery, the Declarations of Fred Butt, Sebastian Bechtolsheim, and Mitch Crampton and the Complaint.

4. As explained in the various documents supporting this motion, just prior to leaving Applied's employ to join a firm that now competes against Applied, Burks misappropriated and thereafter wrongfully converted, for his unfair benefit, Applied's valuable confidential and proprietary information and trade secrets. As explained in the accompanying papers, he did so in clear breach of his Employee Agreement with Applied, in breach of his duty of loyalty, and in violation of the Computer Fraud and Abuse Act. Moreover, after engaging in these numerous transgressions, Burks again intentionally breached his agreements with Applied by successfully soliciting at least one Applied employee to work for him. Further, as alleged in the accompanying papers, Burks has disclosed Applied's valuable confidential and proprietary information and trade secrets to his current employer, Westerwood Global USA, LLC. These acts by Burks have damaged Applied.

5. Applied is seeking preliminary injunctive relief and a temporary restraining order in an expedited manner to stop Burks' unlawful conduct immediately and ensure that and it is not harmed further by Burks' conduct, including any further disclosure of its confidential and proprietary information and trade secrets and solicitation of its employees. If Applied were required to follow standard Notice of Motion procedure, there is a substantial risk that Burks could continue his unlawful activities and cause further significant damage to Applied, including irreversible and devastating competitive damage resulting from disclosure of additional confidential information and trade secrets to its competitors and potential competitors. For these good, sufficient and specific reasons, the standard Notice of Motion procedure cannot be used here.

6. On November 5, 2014, at 9:39 p.m., I served the following documents on Burks by electronic mail at his work email address Terry.Burks@westerwoodglobal.com: (a) the

Summons and Complaint; (b) the Memorandum of Law in Support of Plaintiff's Application for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery, (c) the Declarations of Fred Butt, Sebastian Bechtolsheim and Mitch Crampton; (d) Order to Show Cause for Preliminary Injunction, Temporary Restraining Order and Expedited Discovery; and (e) Plaintiff's First Request for the Production of Documents and Tangible Things.

7. Attached hereto as **Exhibit A** is my Affidavit of Service, attesting that I served the documents mentioned in Paragraph 6 on Burks via electronic mail on November 5, 2014.

8. To the extent that the notice describe above is not considered "reasonable notice", for the reasons set forth above in Paragraphs 3-5, good cause to dispense with the requirement of reasonable notice exists and substantial prejudice to Applied would result from such a requirement here.

9. Attached hereto as **Exhibit B** is Plaintiff's First Request for the Production of Documents and Tangible Things.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November, 2014, at New York, New York.

                                                            /s/ James H. McQuade
                                                            James H. McQuade