# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3863
www.alston.com

John F. Cambria                    Direct Dial: 212-210-9583                    Email: john.cambria@alston.com

January 22, 2015

The Honorable Christian F. Hummel
U.S. District Court for the Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

      Re:    *Applied Materials, Inc. v. Terry Burks*
             Civil Action No.: 1:14-CV-01346 (GTS, CFH)

Dear Judge Hummel:

      We represent non-party Westerwood Global USA, LLC ("WG USA") and write to follow-up on Tuesday's teleconference. In particular, we write with respect to the issue raised by Mr. McQuade, counsel for Applied Materials, Inc. ("AMI"), regarding allegedly confidential files of Lam Research Corporation ("Lam").

      Mr. McQuade wrote to Lam on Tuesday, but, to our knowledge, failed to e-file his letter as instructed. His letter is enclosed and we are e-filing the same herewith. (Ex. 1).

      We also attach our letter sent to Lam responding to Mr. McQuade's missive. (Ex. 2) Your Honor, as you will see from our letter to Lam, the files in question are, to the best of our knowledge (AMI refuses to provide specific information), files that a service provider such as WG USA received in the ordinary course of business from a customer – in this case GlobalFoundries, Inc. ("GF").

      When GF purchases a toolset, *e.g.*, from Lam, the toolset comes with certain documentation, including operation manuals – no different than a new car comes with a manual. When GF hires vendors to service its toolsets, it makes those manuals available to its service providers – no different than making one's car manual available to a mechanic who works on the car. WG USA services GF's Lam toolsets, and thus, GF provided the documentation to WG USA. Furthermore, these manuals are publicly available on the internet as indicated in our letter to Lam's General Counsel.

      Now that we have had the chance to study this matter (before Tuesday, Mr. McQuade never mentioned an issue with Lam's files to us), it is clear that AMI was attempting to mislead the Court by suggesting that publicly accessible information was somehow "confidential and proprietary" and by insinuating that WG USA had wrongly acquired or "misappropriated" another entity's confidential and proprietary information.

The Honorable Christian F. Hummel
January 22, 2015
Page 2

Thank you for your consideration.

Very Truly Yours,

*John F. Cambria /aeb*

John F. Cambria

CC:  James McQuade, Esq.
     James Long, Esq.
     David Rowley, Esq.