UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>TERRY BURKS,<br><br>        Defendant. | Civil Action No.: 1:14-cv-01346 (GTS) (CFH) |

**DECLARATION OF AOIFE ELIZABETH BUTLER IN SUPPORT OF
NON-PARTY WESTERWOOD GLOBAL USA, LLC'S
MOTION FOR PROTECTIVE ORDER AND RETURN OF LAPTOP**

I, AOIFE ELIZABETH BUTLER, declare as follows:

1. I am an associate with Alston & Bird, LLP, and counsel of record for non-party Westerwood Global USA, LLC ("WG USA"). I am admitted to practice law in the State of New York. I make this declaration in support of WG USA's Motion for Protective Order and Return of Laptop. I have personal knowledge of the facts set forth below and, if called as a witness, I could, and would, competently testify thereto.

2. On November 11, 2014, in response to a letter I had sent to counsel for Applied Materials, Inc. ("AMI") (WX 02), I received a letter from counsel for AMI stating that a Lenovo laptop issued by WG USA ("Lenovo") to the defendant, Terry Burks ("Burks"), was required to be produced in response to a November 6, 2014 Order by the Court. (WX 03.)

3. WG USA agreed to voluntarily turn over the Lenovo subject to certain restrictions, including that the Lenovo and its contents would be designated Attorneys' Eyes

Only and that the parties would agree to such in writing. WG USA also objected to in-house counsel at AMI having access to the Lenovo or its contents. (WX 04.)

4. Thereafter, counsel for AMI provided a draft of protective order, that I edited and returned to him in redline form as promptly as was possible. (WX 04.)

5. On November 12, 2014, counsel for AMI objected to AMI's in-house counsel not being permitted access to WG USA's files. (WX 04). Counsel proposed a solution that would permit AMI's in-house counsel to access any AMI's documents but which would prohibit access to WG USA's documents. (WX 12.)

6. WG USA agreed to the proposal on condition that AMI's named in-house counsel have no involvement in patent prosecution for AMI.

7. Counsel for AMI then raised another issue, regarding documents that may include both AMI and WG USA information; and proposed a revised paragraph for the Protective Order to address the scenario. (WX 13.)

8. Thereafter, at approximately 1 pm on November 12, 2014, an hour before the 2 pm time that counsel for AMI had scheduled for the pickup of the Lenovo, I conferred with counsel for AMI, James McQuade, by telephone and Mr. McQuade agreed that should the need arise for a WG USA document to be shown to AMI in-house counsel, where the document allegedly contained part of one of the 314 files at issue, then those documents should also be equally available to WG USA's counsel and someone at WG USA for review; and, that AMI's counsel and WG USA's counsel would agree when and if such occasion should arise as who from WG USA could review in light of the fact that WG USA does not have in-house counsel.

9. Despite numerous email and telephone communications with counsel for AMI on this issue, counsel for AMI did not at any time state or indicate that their intent was to conduct

searches beyond looking for the 314 files in question; and, certainly, at no time did counsel for AMI indicate any intent to review every file on the Lenovo. In fact, in light of AMI's counsel's comment that they had no interest in WG USA's documents (WX 04), I understood that they would not be looking at any WG USA documents at all, unless the metadata from the 314 files led them to a WG USA document – which the metadata did not.

10.     On November 19, 2014, I participated in a meeting with counsel for AMI. Counsel for AMI stated in that meeting that their expert, Deloitte, had detected that the removable storage devices ("RSD") at issue in the lawsuit had been connected to a MAC laptop in addition to the Lenovo (in addition to two other laptops – owned by WG USA.) Counsel for AMI questioned whether WG USA has any MAC laptops – which it does not, and indicated that it must therefore be Burks' personal laptop or that of Burks' wife.

I declare under penalty of perjury under the laws of the state of New York that the foregoing is true and correct.

Executed this 2nd day of February 2015, at New York, New York.

s/     Aoife Elizabeth Butler
Aoife Elizabeth Butler